# UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Dec 13 - 2023
John M. Domurad, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No.   5:23-MJ- 739 (ATB) |
| | ) |
| BRANDON RUSSELL, | ) |
| | ) |
| **Defendant** | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 12/13/23 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) & (b)(1)(C) | Possession with Intent to Distribute Controlled Substances, to wit: Cocaine, a Schedule I Controlled Substance |

This criminal complaint is based on these facts:
See affidavit

☒   Continued on the attached sheet.

*Complainant's signature*

Daniel Bieling, Task Force Officer

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   12/13/23

*Judge's signature*

City and State:   Syracuse, New York         Hon. Andrew T. Baxter, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT OF DEA TASK FORCE OFFICER DANIEL BIELING

Daniel Bieling, being duly sworn, deposes and says:

### I. INTRODUCTION

1. I am the applicant herein and I am currently assigned to Group D-54A of the Drug Enforcement Administration (DEA). I have been a DEA Task Force Officer since April 2021. I have over 17 years of law enforcement experience, with over 11 years of investigative experience as a Narcotics Detective. While serving as a Narcotics Detective with the Onondaga County Sheriff's Office, a Detective assigned to the Syracuse Police Department Gang Task Force, a Narcotics Investigator with the Onondaga County District Attorney's Office, and as a DEA Task Force Officer, I have conducted numerous investigations involving narcotics trafficking, firearms trafficking, and other violent crimes. I have previously been the affiant for eavesdropping warrants, tracking warrants, search warrants, arrest warrants, and complaints for violations of sections 220 and 221 of the New York State Penal Law, as well as the affiant for tracking warrants associated with violations of Title 18 of the United States Code.

2. I attended and completed the Onondaga County Sheriff's Office Police Academy in Syracuse, New York. I have attended the DEA Narcotics Investigator Course and the DEA Task Force Officer Training Course. I have received training in electronic and physical surveillance (to include the use of GPS vehicle tracking devices); controlled purchases of evidence; using confidential informants; methods used by illegal drug traffickers to store, transport, sell, dilute, and package illegal drugs; methods used by illegal drug traffickers to conceal and launder money and assets earned through the sale of illegal drugs; interviewing illegal drug traffickers and sources of information; field testing illegal drugs; executing search and arrest warrants; processing of evidence; and many other techniques used for the successful investigation and prosecution of

1

criminal violations. I work with a team of experienced investigators from the DEA, Syracuse Police Department, Onondaga County District Attorney's Office, and Onondaga County Sheriff's Office, with whom I consult and confer regarding investigations of drug traffickers. I have participated in Title III investigations that have led to multiple search warrants. I have participated in numerous controlled purchases of drugs resulting in the recovery of cocaine, cocaine base ("crack cocaine"), methamphetamine, fentanyl, and heroin. I have attended training sessions and schools which discussed the enforcement of the laws prohibiting drug trafficking, as well as the packaging, concealment, and sale of drugs. As a result of my training and experience, I am familiar with the language, conduct, and customs of people engaged in selling drugs and/or engaged in conspiracies to violate the drug laws of the United States. In addition to my above-mentioned experience, I have had the opportunity to speak with and observe other federal and state narcotics officers regarding the manner in which narcotics are possessed, sold, and distributed in the Northern District of New York. My training and experience, as well as information I have learned from other law enforcement officers, serves as the basis for any opinions or conclusions set forth below.

3. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of the past and present reports made by other state and local law enforcement agencies, I am familiar with the facts and circumstances of this investigation.

4. I submit this affidavit in support of a criminal complaint charging defendant **BRANDON RUSSELL** with possession with intent to distribute controlled substances, to wit: cocaine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C).

5. Since this affidavit is being submitted for the limited purpose of securing the requested criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe establish the necessary foundation for the requested complaint.

## II. PROBABLE CAUSE

6. I have been involved in an investigation into suspected drug trafficking activity by **RUSSELL**. That investigation indicates that **RUSSELL** resides at a residence on Brookhill Drive North in Manlius, New York (the Brookhill Drive Residence) and that he operates a 2017 Cadillac XT5 which is registered to **RUSSELL** with the New York Department of Motor Vehicles (the Subject Vehicle). Over the past several months, law enforcement has observed **RUSSELL** regularly operating the Subject Vehicle and travelling to and from the Brookhill Drive Residence in a manner consistent with it being his residence.

7. On December 8, 2023, I applied for federal search warrants for **RUSSELL**, the Brookhill Drive Residence, and the Subject Vehicle. The Honorable Andrew T. Baxter, U.S. Magistrate Judge, Northern District of New York, issued the requested warrants the same day.

8. On the morning of December 13, 2023, agents went to the Brookhill Drive Residence to execute the search warrants. Agents observed **RUSSELL** in the Subject Vehicle leaving the Brookhill Drive Residence. Agents stopped **RUSSELL** and transported the Subject Vehicle back to the Brookhill Drive Residence to execute the search warrants. **RUSSELL** was the only individual inside the Subject Vehicle.

9. Inside a backpack located in the back seat of the Subject Vehicle, officers located a glass container with a white powder substance. The substance had a weight of approximately 27 grams, which field tested positive for cocaine. In the same backpack, agents recovered a digital scale and

a shot glass and spoon. The shot glass and spoon were wiped with a field-test that returned a presumptive positive result for the presence of cocaine. Underneath the driver's seat of the Subject Vehicle (where RUSSELL had been seated), officers recovered a firearm that appeared to be a privately manufactured pistol equipped with an "auto sear" device.[1]  In a cardboard box in the rear cargo hold of the vehicle, officers located another firearm, which also appeared to be privately manufactured.

10. Agents executed the search warrant at the Brookhill Drive Residence. A female and infant child were inside the Brookhill Drive Residence; no other individuals were present. Inside the Brookhill Drive Residence, agents located the following items:

   a) a white powder substance, located in a closet in the basement of the residence, with a gross weight of approximately 423 grams, which field tested positive for the presence of cocaine;[2]

   b) a Rock River Arms "Operator" model semiautomatic rifle, which was located in the same basement closet where the suspected cocaine was recovered;

   c) a quantity of US currency was located on top of a cabinet in the kitchen; next to the currency on top of the cabinet were two firearms (one Masterpiece Arms semi-automatic pistol and the other was a pistol that appeared to be privately manufactured and equipped with an auto sear device); and

---

[1] I am aware from my training and experience that an "auto sear" is a device that can be added to a semi-automatic pistol to render it fully automatic. My description of the firearms in this affidavit is based on their appearance upon initial inspection; none of the firearms have been test fired yet by law enforcement.

[2] After completing the search of the Brookhill Drive Residence, agents exited the residence. Agents realized that they had inadvertently left behind the cocaine found in the basement. Approximately an hour after exiting the Brookhill Drive Residence, a law enforcement officer returned and was granted access by the female occupant to enter. The agent collected the suspected cocaine from the area where it had been left.

    d) another privately manufactured pistol that appeared to be equipped with an auto sear device, which was located on top of another cabinet in the kitchen.

11. Based on my training and experience, the packaging and quantities of substances found during the execution of the search warrants at the Brookhill Drive Residence and Subject Vehicle are consistent with the distribution of those substances to others, rather than personal use.

### III. CONCLUSION

12. I believe the foregoing establishes probable cause to believe that defendant **BRANDON RUSSELL** possessed with intent to distribute controlled substances, to wit: cocaine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(C). I respectfully request that the Court authorize the filing of this complaint so that the defendant may be charged and brought to court for further proceedings in accordance with the law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
Daniel Bieling, Task Force Officer
Drug Enforcement Administration

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on December 13, 2023, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Andrew T. Baxter
United States Magistrate Judge

5